| | | |
|---|---|---|
| Edward Rivers (Plaintiff), | : | United States District Court |
| v. | : | Eastern District of Pennsylvania |
| VisionQuest National LTD, (Defendant) | : | No. 21-cv-4928 |

<u>**THIRD AMENDED COMPLAINT**</u>

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| | | |
|---|---|---|
| **Edward Rivers (Plaintiff),** | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-4928** |

## THIRD AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Edward Rivers, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I. Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Shields brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II. Parties

5. Plaintiff, **Edward Rivers** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III. Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Edward Rivers's Experience*

10. Plaintiff was placed at VisionQuest.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

   a. **PlayStation 2 Incidents**

      i. While residing at VisionQuest, Mr. Williams and/or Mr. Scott would take Plaintiff and a few other students into a room all staff had access to and sexually abuse them.

      ii. Mr. Williams and/or Mr. Scott would make Plaintiff and the other students touch the staff members' genitals and give them "hand jobs" by moving their palms in a stroking motion.

      iii. These staff members would make Plaintiff and the other students in his presence stroke their genitals until they climaxed.

    iv. Other times, Mr. Williams and/or Mr. Scott, would display a pornographic video Plaintiff and a few other students in his presence and force the students to touch each other and then touch the staff members genitals.

    v. Almost immediately following each sexual assault by Mr. Williams and/or Mr. Scott, Plaintiff and the other students would get rewards to hide the abuse including being allowed to watch movies, obtain extra food, and to game on the PlayStation 2, had his phone calls unmonitored, allowed to talk with the other students, given preferred school jobs, extra free time, and permitted to view television.

    vi. Almost all the sexual assaults by Mr. Williams and/or Mr. Scott occurred during the late-night shift.

    vii. Mr. Williams and/or Mr. Scott tried to prevent Plaintiff from reporting the sexual abuse.

b. **<u>Early Release Incidents</u>**

    i. While residing at VisionQuest, in B-Unit, staff member Ms. Jenkins sexually assaulted Plaintiff.

    ii. Plaintiff was sexually assaulted by Ms. Jenkins in both the intake room or in her private office, which was between D-Unit and near the Chow Hall.

    iii. Plaintiff's first-time having sexual intercourse happened via Ms. Jenkins sexual assault.

    iv. Ms. Jenkins often took Plaintiff to an empty room in his residence hall area and put on some music, lock the door, get undressed, the tell Plaintiff

"only her favorite ones come to this room", and placed his mouth on her breasts, while making Plaintiff digitally penetrate her.

v. While telling him she never did this with other students, Ms. Jenkins would also perform oral sex on Plaintiff.

vi. After performing oral sex on Plaintiff, she told him to lie down on the desk and she climbed on top of him wearing only a work shirt and socks.

vii. Ms. Jenkins then would begin kissing Plaintiff, while using her hand to insert his penis into her vagina.

viii. Other times Ms. Jenkins forced the Plaintiff to have anal sex with her, stating "she had fun doing these things [anal sex] with me and she does not do this at home".

ix. As a reward for Plaintiff having sex with her, Ms. Jenkins provided him with pizza, burgers, other food from outside the institution, use of her personal cell phone, and extra time off of his sentence, including home passes which allowed the Plaintiff to leave the facility.

x. Ms. Jenkins when not having sexual intercourse, forced Plaintiff to digitally penetrate her vagina with his fingers and/or perform and/or receive oral sex.

xi. Ms. Jenkins also told the Plaintiff he would not get into trouble for having sexual relations with her because everyone does it and the facility allows this behavior.

    xii. Ms. Jenkins sexually assaulted the Plaintiff on so many occasions and so often, the specific number is unknown, but happened over 9 times per month.

15. Specifically, regarding staff member(s) **Ms. Jenkins, Mr. Scott, and/or Mr. Scott** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

## Count 1 – Negligence (Shields v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Shields were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

   a. Immense on-going embarrassment and humiliation;

   b. Loss of self-esteem and shame;

   c. Emotional distress;

   d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

   e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

   f. Severe mental anguish and trauma;

   g. Anxiety, depression, nausea and loss of sleep;

   h. A loss of enjoyment of life;

   i. A loss of the ability to form relationships and inability to trust others;

   j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

   k. Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Shields v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Ms. Jenkins, Mr. Scott, and/or Mr. Scott**, in assaulting Plaintiff Shields, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant

VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

    d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

    e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

    f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

    g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Shields v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55

Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022